UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>ASAEL MARTINEZ MEDINA,<br><br>                Defendant. | NO. CR-01-2042-EFS<br>[NO. CV-05-3053-EFS]<br><br>**ORDER DISMISSING IN PART AND HOLDING IN ABEYANCE IN PART DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** |

BEFORE THE COURT is Defendant Asael Martinez Medina's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Ct. Rec. 59). Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, Mr. Medina's motion is hereby considered to determine whether the Court should summarily dismiss the motion or order the Plaintiff to answer. *See* Rule 4(a), 28 foll. § 2255.

Section 2255 of Title 28 allows a prisoner in custody to attack a sentence on the grounds that such sentence was imposed in violation of the federal constitution or law, the Court did not have jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, and/or otherwise subject to collateral attack.  28

ORDER ~ 1

U.S.C. § 2255.  Yet, in order to bring such a suit, the petitioner must file suit within a year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The Defendant does not specify why his petition is timely.  Mr. Medina was sentenced on February 8, 2002, (Ct. Rec. 56), and the Judgment in a Criminal Case, (Ct. Rec. 57), was entered on February 11, 2002.  The Defendant's conviction became final ten days after the entry of the Judgment.  FED. R. APP. PROC. 4(b)(1)(A)(I); *see United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); 28 U.S.C. § 2244(d)(1).  Accordingly, subsection (1) is not applicable as over three years have passed between the date the judgment became final and the filing of this petition on June 3, 2005.

Because Mr. Medina seeks habeas relief in part on the grounds that the Ninth Circuit has ruled that a defendant may be resentenced following the recent changes of the federal Sentencing Guidelines, the Court presumes Mr. Medina is relying upon the United State Supreme Court decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), in order to have the one-year time limit begin to run from the date of *Blakely*.  However, in the

ORDER ~ 2

context of an application to file a second or successive § 2255 motion raising a *Blakely* claim, the Ninth Circuit stated in *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004), "the Supreme Court has not made *Blakely* retroactive to cases on collateral review." This Court is of the opinion that the Ninth Circuit's statement in *Cook* applies also to initial § 2255 motions and that *Booker's* extension of *Blakely* to the federal sentencing guidelines is not a retroactive "watershed rule of law," which would thereby allow the one-year limitation to begin running from the date of *Blakely* under 28 U.S.C. § 2255(3). *See, e.g. Cirilo-Munoz v. United States*, 404 F.3d 527 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005); *In re Elwood*, 408 F.3d 211 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Therefore, the Court determines § 2255(3) is inapplicable and, thus, the one-year period began to run on the date Mr. Medina's conviction became final, over three years prior to the filing of this petition. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); 28 U.S.C. § 2241(d)(1). For these reasons, the Court dismisses, with prejudice, the Defendant's petition in part.

The Defendant also seeks habeas relief on the grounds (a) he was denied effective assistance of counsel because the Mexican consulate was not notified under Article 36 of the Vienna Convention following the Defendant's arrest and (b) his conviction was obtained by using evidence gained pursuant to an unlawful search and seizure and pursuant to an

1 unlawful arrest.  The Defendant does not identify why these claims are
2 timely brought within § 2255's one-year limitation.  Accordingly, the
3 Defendant is ordered to show cause within thirty days of entry of this
4 Order why these two grounds for relief under 28 U.S.C. § 2255 have been
5 timely filed or that there is some basis for equitable tolling
6 (suspending the limtiations period).  **The Defendant is warned that**
7 **failure to respond within thirty days of this Order will result in the**
8 **denial of his remaining habeas petition as untimely**.  In addition, the
9 Court cautions the Defendant that § 2255 places a restriction on second
10 or successive habeas petitions.

11    Accordingly, **IT IS HEREBY ORDERED**:  Defendant's Motion Under 28
12 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in
13 Federal Custody, **(Ct. Rec. 59)**, is **DISMISSED IN PART WITH PREJUDICE**
14 (*Blakely/Booker* claims) and **HELD IN ABEYANCE IN PART** (Defendant is to
15 advise Court **within thirty days** as to why remaining claims are timely
16 and/or why the statute of limitations is tolled).

17    **IT IS SO ORDERED**.  The District Court Executive is directed to enter
18 this Order and provide a copy to the Defendant:

```
              Asael Martinez Medina (15410-085)
              FCI Adelanto
              P O Box 5300
              Adelanto, CA 92301
```
    **DATED** this ___30th___ day of June, 2005.


                         S/ Edward F. Shea
                        ─────────────────────────
                           EDWARD F. SHEA
                      United States District Judge

26 Q:\Criminal\2001\2042.habeas.untimely.wpd

ORDER ~ 4