UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>ASAEL MARTINEZ MEDINA,<br><br>               Defendant. | NO. CR-01-2042-EFS<br>[NO. CV-05-3053-EFS]<br><br>**ORDER DISMISSING HABEAS PETITION** |

BEFORE THE COURT is Defendant Asael Martinez Medina's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Ct. Rec. 59). On June 30, 2005, the Court entered an Order Dismissing in Part (*Blakely/Booker*-related claims) and Holding in Abeyance in Part Defendant's Motion Under 28 U.S.C. § 2255, (Ct. Rec. 60), requiring Mr. Martinez Medina to explain why his non-*Blakely/Booker* related claims were timely. On July 14, 2005, Mr. Martinez Medina asked the Court to find his habeas petition timely under the "harmless delay" doctrine, (Ct. Rec. 61). The Court requested Mr. Martinez Medina provide a factual explanation for why the "harmless delay" doctrine should serve to equitably toll the one-year limitation, (Ct. Rec. 62). In response, Mr. Martinez Medina maintains that his drug problem made it impossible for him to file a timely petition, (Ct. Rec. 63).

ORDER ~ 1

Without answering the question of whether the time period during which an inmate receives drug treatment constitutes "extraordinary circumstances beyond [the inmate's] control [making] it impossible to file a petition on time . . .," *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004), the Court finds that such assumed "extraordinary circumstances" were not the *cause* of Mr. Martinez Medina's untimeliness. *See id.* The certificate submitted by Mr. Martinez Medina shows that he completed the forty-hour drug abuse treatment program no later than October 17, 2003. (Ct. Rec. 63 at 2.) Accordingly, even if a period of time is excluded for the drug treatment, Mr. Martinez Medina's June 3, 2005, habeas petition still was not filed within one year of October 17, 2003.

Mr. Martinez Medina appears to also argue he timely filed his action within one year of the International Court of Justice's decision in *Case Concerning Avena and other Mexican Nationals (Mex. V. U.S.)*, 2004 I.C.J. No. 128 (2004)-the case on which Mr. Martinez Medina relies for the proposition his due process rights were violated when he was not informed of his right to consult with a Mexican consulate after arrest. However, this decision was entered on March 31, 2004. Therefore, even assuming such decision involved a constitutional right recognized by the Supreme Court made retroactively applicable to cases on collateral review, Mr. Martinez Medina's June 3, 2005, habeas petition was not timely. *See* 28 U.S.C. § 2255 ¶ 6(3); *see also Cardenas v. Dretke*, 405 F.3d 244 (5th Cir. 2005); *Medellin v. Dretke*, 125 S. Ct. 2088 (2005).

For the above reasons, **IT IS HEREBY ORDERED**: The remainder of Mr. Martinez Medina's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody, **(Ct. Rec. 59)**, is **DISMISSED.** Accordingly, the criminal and related-civil files are to be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy of the Order to the Defendant:

```
Asael Martinez Medina (15410-085)
FCI Adelanto
P O Box 5300
Adelanto, CA 92301
```

**DATED** this ___16th___ day of September, 2005.

                s/Edward F. Shea
                EDWARD F. SHEA
           United States District Judge

Q:\Criminal\2001\2042.habeas.dism.wpd

ORDER ~ 3